Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3271 | **DATE** | 9/21/2004 |
| **CASE TITLE** | Association vs. Advancepcs Holding Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons stated above, the Court grants defendants' motion to dismiss the amended complaint (6-1). In addition, the Court grants defendants' motion to dismiss the second amended complaint (12-1) as to the unjust enrichment claim concerning the Caremark merger but otherwise denies the motion. Based on this ruling, paragraph 19 of Count 3 is stricken. If plaintiff wishes to amend Counts 1 and 2 to attempt to eliminate the defects the Court has noted, it must file a motion for leave to amend by no later than 10/1/04. Status hearing set to 10/5/04 at 9:30 a.m. Defendants need not answer Count 3 before that date.

(11) ■    [For further detail see

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 22 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| OR | courtroom deputy's initials | 2004 SEP 21 PM 4:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ASSOCIATION BENEFIT SERVICES, INC. )
)
       **Plaintiff,** )
)
vs. )   Case No. 04 C 3271
)
ADVANCEPCS HOLDING CORPORATION, )
a Delaware corporation, ADVANCEPCS MAIL )
SERVICES OF BIRMINGHAM, INC., an )
Alabama corporation, )
)
       **Defendants.** )

DOCKETED
SEP 2 2 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    The plaintiff in this case, Association Benefit Services, Inc. ("ABS"), arranges contracts between companies and prescription benefit managers to administer prescription benefit plans. In return, ABS earns commissions based on the number of prescriptions filled. The defendants, AdvancePCS Holding Corporation and AdvancePCS Mail Services of Birmingham, Inc., are prescription benefit managers. According to ABS, the defendants promised to pay ABS commissions in the amount of $0.25 per retail claim and $1.50 per mail order claim if it could arrange a contract between AdvancePCS and the American Automobile Association ("AAA"). Am. Comp., Count 1, ¶ 5; Pl. Ex. A. In reliance on this promise, ABS claims that from May through August 2003, it provided AdvancePCS with information necessary to adjust its prescription management proposal to meet the AAA's needs. *Id.* ¶ 9. ABS also alleges that in reliance on this promise, it refrained from working with competitor prescription benefits



1

managers, including Merck and Caremark, during that time period. *Id.* ¶ 10.

In late August 2003, AdvancePCS signed the desired contract with AAA. On September 1, ABS received a draft contract from AdvancePCS providing that ABS would receive commissions of only $.025 per retail claim and $.025 per mail order claim from the AAA deal - far less than ABS says was originally promised. Am. Comp., Count 1, ¶ 12. ABS alleges that AdvancePCS breached its agreement to pay ABS $0.25 and $1.50 per claim, *id.*, Count 2, ¶ 3, and that AdvancePCS committed fraud in making that promise because it never had any intention of paying ABS the higher commissions. *Id.*, Count 1, ¶ 14.

In its second amended complaint, ABS has added allegations of unjust enrichment to its original claims of fraud and breach of contract. First, ABS claims that AdvancePCS has been unjustly enriched because it obtained the AAA contract through fraud against ABS. 2d Am. Comp., Count 3, ¶ 18. Second, ABS claims that because AdvancePCS secured a contract with AAA, it was able to make billions of dollars in a later merger with Caremark. *Id.* ¶ 19. ABS alleges this merger would not have occurred absent the contract with AAA. *Id.* ¶ 20.

The defendants have moved to dismiss all of ABS' claims, except for its breach of contract claim against AdvancePCS Holding. For the reasons stated below, the Court grants the motion to dismiss in part and denies it in part.

**Discussion**

Dismissal of a claim under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). For purposes of a motion to dismiss, the Court accepts the plaintiff's allegations as true and draws reasonable inferences in the plaintiff's favor. *Zemke*

*v. City of Chicago*, 100 F.3d 511 (7th Cir. 1999).

### 1.  *Count 1 - Fraud*

Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." What this means is that a claim for fraud must specifically describe "the identity of the person who made the representation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). ABS' fraud claim is a claim of promissory fraud, that is, a "fraud based on a false representation of intent to perform a promise or some future conduct." *Sa'Buttar Health & Medical, P.C. v. TAP Pharmaceuticals, Inc.*, No. 03 C 4074, 2004 WL 1510023, *4 (N.D. Ill. July 2, 2004) (*citing Doherty v. Kahn*, 289 Ill. App. 3d 544, 562, 682 N.E.2d 163, 176, 224 Ill. Dec. 602 (1997).[1] Claims of promissory fraud are disfavored because they are "easy to allege and difficult to prove or disprove." *Id.* at *11, *citing Bower v. Jones*, 978 F.2d 1004, 1012 (N.D. Ill. 1992); *see also, Marchionna v. Ford Motor Co.*, No. 94 C 275, 1995 WL 476591, *6 (N.D. Ill. Aug. 10, 1995) ("The Seventh Circuit has cautioned against allowing a plaintiff to turn a simple suit for breach of contract into a claim for fraud."), *citing Desnick, M.D., Eye Services v. American Broadcasting Companies*, 44 F.3d 1345, 1354 (7th Cir. 1995).

Illinois provides a remedy for promissory fraud only if it is part of a "scheme" to defraud. *Desnick*, 44 F.3d at 1354. What constitutes a "scheme" is not entirely clear; as the Seventh Circuit has pointed out, "[s]ome cases suggest that the exception has swallowed the rule" against

---

[1] The parties appear to agree that Illinois law governs ABS' claims.

3

tort claims based on fraudulent promises. *Id.* But the "scheme" requirement must have some meaning, and the Seventh Circuit has interpreted it to permit a claim for promissory fraud only if it is "particularly egregious" or if the fraud is "embedded in a large pattern of deceptions or enticements." *Id.* Put another way, the fraudulent promise must be "one element of a pattern of fraudulent acts." *Speakers of Sport, Inc. v. ProServ, Inc.*, 178 F. 3d 862, 866 (7th Cir. 1999).

This requirement has been met in this case. Though ABS alleges that the defendants made a number of false promises, they all amount to repetition of a single promise - the commitment to pay commissions at a particular level if ABS got the AAA contract for the defendants. *See* Am. Comp., Count 1, ¶¶ 5-8. But, "a series of unfulfilled promises" may be sufficient to satisfy the "scheme" requirement. *See Speakers of Sport, Inc*, 178 F.3d at 866. And the Illinois Supreme Court has allowed a promissory fraud claim to proceed based on repeated false promises of future payment. *HPI Healthcare Serv., Inc., v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 545 N.E.2d 672 (1989); *see also, e.g., Zic v. Italian Government Travel Office*, 140 F. Supp. 2d 991, 995-96 (N.D. Ill. 2001). Though it is by no means clear that ABS will be able to prove the requisite scheme, the allegations it has made are sufficient to satisfy the scheme requirement.

ABS has also sufficiently alleged that the defendants' promises were false when made, *see* Am. Comp., Count 1, ¶ 8, and that it was damaged as a result. *Id.* ¶ 17. Allegations of intent and damages need not be alleged with particularity. *See* Fed. R. Civ. P. 9(b); *Linc Finance Corp. v. Onwuteaka,* 129 F.3d 917, 922 (7th Cir. 1999).

As currently alleged, however, ABS' fraud claim fails because it lumps two defendants together without making any effort to distinguish or state what misrepresentations were made by

4

what defendant. *See Sears v. Liken*, 912 F.2d 889, 893 (7th Cir. 1990). Though an exception exists where the information needed to plead the circumstances of fraud with particularity is unavailable to the plaintiff, *see, e.g., Corley v. Rosewood Care Center, Inc. of Peoria*, 142 F.3d 1041, 1051 (7th Cir. 1998), no such allegation appears in the complaint.

## 2. *Count 2 - Breach of Contract*

AdvancePCS Mail Services has moved to dismiss Count 2 because of the absence of any allegation that the purported contract was with it, as opposed to AdvancePCS Holding. This point is well taken. Absent any direct allegation that ABS' contract was with AdvancePCS Mail or, at a minimum, an allegation providing the basis for ABS' belief that such was the case, it cannot maintain a breach of contract claim against AdvancePCS Mail Services.

## 3. *Count 3 - Unjust Enrichment Claim*

Count 3 is a claim of unjust enrichment. To state a claim for unjust enrichment under Illinois law, ABS must allege that AdvancePCS retained a benefit to the detriment of ABS and that its retention of the benefit violates justice, equity, and good conscience. *See, e.g., McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002). When, as in this case, the plaintiff seeks to recover benefits provided to the defendants by a third party, Illinois law also requires an allegation that the defendant procured the benefit from the third party through some type of wrongful conduct.[2] *HPI Healthcare*, 131 Ill.2d at 161, 545 N.E.2d at 679.

ABS has stated a claim of unjust enrichment as to AdvancePCS's contract with AAA. If

---

[2] ABS could also satisfy the pleading requirement by alleging either that it should have received the benefit but a third party mistakenly gave it to the defendant, or that it, for some reason, had a better claim to the benefit than the defendant. *HPI Healthcare*, 131 Ill.2d at 161, 545 N.E.2d at 679. ABS does not contend, however, that either of those situations exists in this case.

ABS is correct that it received only a small fraction of the commissions it was promised from AdvancePCS's contract with AAA, then it may be unjust to allow AdvancePCS to keep all the profits it received from the contract. Defendants argue that ABS should not be allowed to state a claim for *all* of its revenue from the contract with AAA. Def. Mot. to Dismiss at 9. But at this early stage of the proceedings, there is no reason to circumscribe the precise nature of the relief to which ABS may be entitled if it proves this aspect of its claim.

ABS has failed, however, to state a claim of unjust enrichment with regard to AdvancePCS's merger with Caremark. Even under the wrongful conduct exception discussed in *HPI Health Care*, ABS has no claim on money given to AdvancePCS by a third party to which ABS is not entitled. *See Asch v. Teller, Levit & Silvertrust, P.C.*, No. 00 C 3290, 2003 WL 22232801, *7 (N.D. Ill. Sept. 26, 2003). The only wrongful conduct alleged by ABS in this case concerns the contract between AdvancePCS and AAA, not the deal between AdvancePCS and Caremark. Furthermore, ABS does not contend that it suffered any detriment from the merger. It had no part in the merger and does not claim it considered merging with either company. *See McCabe*, 210 F.R.D. at 643 (detriment must be shown in an unjust enrichment claim).

## Conclusion

For the reasons stated above, the Court grants defendants' motion to dismiss the amended complaint [docket no. 6]. In addition, the Court grants defendants' motion to dismiss the second amended complaint [docket no. 12] as to the unjust enrichment claim concerning the Caremark merger but otherwise denies the motion. Based on this ruling, paragraph 19 of Count 3 is stricken. If plaintiff wishes to amend Counts 1 and 2 to attempt to eliminate the defects the Court has noted, it must file a motion for leave to amend by no later than October 1, 2004. The

case is set for a status hearing on October 5, 2004 at 9:30AM. Defendants need not answer

Count 3 before that date.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 21, 2004